[Cite as *Ankenman v. Rhea Academy, Inc.*, 2013-Ohio-296.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY   COUNTY**

| | | |
|---|---|---|
| RALPH ANKENMAN, et al. | : | |
| | : | Appellate Case No. 25296 |
| Plaintiff-Appellees | : | |
| | : | Trial Court Case No. 10-CV-5098 |
| v. | : | |
| | : | |
| RHEA ACADEMY, INC., et al. | : | (Civil Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellants | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of February, 2013.

. . . . . . . . . . .

THERESA KAHLE, Atty. Reg. #0078743, 528 West Siebenthaler Avenue, Dayton, Ohio 45405
        Attorney for Plaintiff-Appellees

LARRY G. CROWELL, Atty. Reg. #0012643, 207 South Main Street, Post Office Box 339, Englewood, Ohio 45322
        Attorney for Defendant-Appellant, Downtown Dayton Holdings, LLC,
        and North Third Holdings, LLC

ROBERT J. BYRNE, Atty. Reg. #0040299, Ohio Bureau of Workers' Compensation and Ohio Department of Taxation, 150 East Gay Street, 21st Floor, Columbus, Ohio 43215
        Attorney for Defendant-Appellee, Ohio Bureau of Workers' Compensation
        and Ohio Department of Taxation

DOUGLAS TROUT, Atty. Reg. #0072027, Montgomery County Treasurer's Office, 301 West Third Street, 5th Floor, Dayton, Ohio 45422

Attorney for Defendant-Appellee, Montgomery County Treasurer
and Montgomery County Auditor

RHEA ACADEMY, INC., 1049 Walton Avenue, Dayton, Ohio 45407
Defendant-Appellee, *pro se*

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1} Defendants-appellants Downtown Dayton Holding, LLC and North Third Holdings, LLC (Lienholders) appeal from a judgment of foreclosure awarded to Ralph and Lucille Ankenman. The Lienholders contend that the trial court erred in finding that the notice of intent to foreclose filed by the Ankenmans complied with R.C. 5721.37. Furthermore, the Lienholders contend that the trial court erred in finding that the Ankenmans are the legal holders of the tax certificate relating to the real property at issue.

{¶ 2} We conclude that the trial court did not err in awarding a judgment of foreclosure in favor of the Ankenmans. Accordingly, the judgment of the trial court is Affirmed, and our October 3, 2012 stay of execution of the trial court's judgment is vacated.


## I. Course of the Proceedings

{¶ 3} In February 2010, the Lienholders were awarded a judgment against Rhea Academy in the amount of $65,800.00 in Montgomery County Common Pleas Court Case Number 2009 CV 03313. The judgment represented amounts Rhea Academy owed pursuant to a lease agreement. A certificate of judgment in the amount of $65,800.00 was issued by the Montgomery County Clerk of Courts in March 2010.

{¶ 4} On June 15, 2010, Ralph and Lucille Ankenman filed a "Notice of Intent to Foreclose" with the Montgomery County Treasurer relating to the property owned by Rhea Academy and located at 2935 Catalpa Avenue in Harrison Township (Catalpa Property). On

that same date, the Montgomery County Treasurer certified that the Catalpa Property had not been redeemed and that the tax certificate holder (the Ankenmans) had filed a notice of intent to foreclose.

{¶ 5} Nine days later, the Ankenmans filed a Complaint For Foreclosure against Defendants Rhea Academy and the Ohio Bureau of Worker's Compensation in the Montgomery County Common Pleas Court, Case Number 2010 CV 05098. According to their Complaint, the Ankenmans acquired the first lien on the Catalpa Property by purchasing Tax Certificate #2007-0000000897, which was sold at auction by the Montgomery County Treasurer in November 2007. The Ankenmans attached the following to their complaint: a copy of the tax certificate to the Catalpa Property purchased at the 2007 auction by American Tax Funding Servicing, LLC; copies of documents purporting to show transfers of the tax certificate from American Tax Funding Servicing, LLC to ID Properties, LLC and then to the Ankenmans; a notice of intent to foreclose on the Catalpa Property; the Treasurer's certification that the Catalpa Property has not been redeemed; and a legal description of the Catalpa Property.

{¶ 6} In August 2010, the Lienholders filed a Complaint For Foreclosure in the Montgomery County Common Pleas Court, Case Number 2010 CV 6893, naming as defendants Rhea Academy, its statutory agent and its trustees, various subsidiaries of the State of Ohio, and the Montgomery County Treasurer. The Lienholders sought to enforce their judicial lien as the "valid first and best lien" on the Catalpa Property.

{¶ 7} Subsequently, both the Ankenmans and the Lienholders sought to amend their respective complaints to add each other as defendants in their respective actions. The

Lienholders also entered a "limited appearance" in Case Number 2010 CV 5098 for the sole purpose of moving to dismiss the Ankenmans' tax lien foreclosure action. The Ankenmans and the Lienholders filed memoranda in Case No. 2010 CV 5098 addressing the Lienholders' motion to dismiss and the validity of the tax certificate the Ankenmans had submitted to the trial court. The Ankenmans requested that the trial court allow them to proceed in their tax lien foreclosure case and dismiss the Lienholders' case.

{¶ 8} In June 2012, the trial court overruled the Lienholders' motion to dismiss and ordered that the Ankenmans could proceed to prosecute their tax lien case. The trial court dismissed the case filed by the Lienholders (Case Number 2010 CV 06893) and ordered that all the parties' claims shall be adjudicated as part of Case Number 2010 CV 05098.

{¶ 9} On June 29, 2012, the trial court entered a judgment of foreclosure on the Catalpa Property. From this judgment, the Lienholders appeal.

## II. Tax Certificates May Be Purchased and Transferred

{¶ 10} In 1998, tax certificate legislation was enacted. R.C. 5721.30 through R.C. 5721.41. The purpose of the law was to spare county governments with limited resources from having to track and recover unpaid property taxes. The bill enabled county treasurers of the twelve counties having populations of at least 200,000 to collect delinquent real property taxes by selling tax certificates to private investors. The certificate entitles the tax certificate holder to the first lien on the property. R.C. 5721.32. Property owners have the opportunity to redeem the certificates, and thereby remove the lien, by paying the certificate holder the purchase price plus interest, penalties, and costs. R.C. 5721.38.

{¶ 11} If the owner of the real property does not redeem the certificates, the tax certificate holder, after complying with certain statutory requirements, may initiate foreclosure proceedings on the real property. This appeal concerns whether the Ankenmans met these statutory requirements.

### III. The Notice of Intent to Foreclose Complied with R.C. 5721.37

{¶ 12} The Lienholders' first three assignments of error are interrelated and state:

THE TRIAL COURT ERRED IN FINDING THAT THE NOTICE OF INTENT TO FORECLOSE COMPLIED WITH ORC 5721.37(A)(1) AND ORC 5721.37(F) WITH RESPECT TO FURNISHING A COMPLETE LEGAL DESCRIPTION.

THE TRIAL COURT ERRED IN FINDING THAT THE NOTICE OF INTENT TO FORECLOSE COMPLIED WITH ORC 5721.37(A)(1) AND ORC 5721.37(F) WITH RESPECT TO FURNISHING THE ADDRESS OF SUBJECT PARCEL.

THE TRIAL COURT ERRED IN FINDING THAT THE NOTICE OF INTENT TO FORECLOSE COMPLIED WITH ORC 5721.37(A)(1) AND ORC 5721.37(F) WITH RESPECT TO FURNISHING THE OWNER'S LAST KNOWN MAILING ADDRESS.

{¶ 13} R.C. 5721.37 establishes the procedure to foreclose on a tax certificate. Foreclosure proceedings begin when the certificate holder's attorney files a foreclosure complaint in the name of the certificate holder to enforce the lien. R.C. 5721.37(C) contains

two filing requirements. The attorney must attach to the foreclosure complaint (1) a copy of the notice of intent to foreclose, and (2) a certificate by the county treasurer that the tax certificate has not been redeemed.

{¶ 14} The Lienholders contend that the notice of intent to foreclose that the Ankenmans attached to their complaint for foreclosure does not comply with the statutory requirements for such notices. According to the Lienholders, the Ankenmans failed to include in the notice of intent to foreclose the following required information: a complete legal description of the Catalpa property, the address of the Catalpa property, and the last known mailing address of the owner of the Catalpa property. We do not agree.

{¶ 15} R.C. 5721.37(A)(1) provides, in part:

At any time after one year from the date shown on the tax certificate as the date the tax certificate was sold, and not later than the end of the certificate period, * * * a private attorney on behalf of the certificate holder may file with the county treasurer a notice of intent to foreclose, on a form prescribed by the tax commissioner, provided the certificate parcel has not been redeemed under division (A) or (C) of section 5721.38 of the Revised Code * * *.

{¶ 16} The Ankenmans, holders of the tax certificate, hired a private attorney. R.C. 5721.37(A)(1) prescribes that the private attorney shall file a notice of intent to foreclose with the county treasurer on a form prescribed by the tax commissioner. It is undisputed that a private attorney for the Ankenmans filed a notice of intent to foreclose with the Montgomery County Treasurer on a form prescribed by the tax commissioner. The Lienholders contend that the notice of intent to foreclose filed on behalf of the Ankenmans does not comply with

additional requirements contained in R.C. 5721.37(F). That division of R.C. 5721.37 provides, in part:

> (F) With respect to tax certificates purchased under section 5721.32, 5721.33, or 5721.42 of the Revised Code, upon the delivery to the private attorney by the county treasurer of the certification provided for under division (C)(2) of this section, the private attorney shall institute a foreclosure proceeding under this division in the name of the certificate holder to enforce the holder's lien, in any court or board of revision with jurisdiction, unless the certificate redemption price is paid prior to the time a complaint is filed. * * *
>
> The foreclosure proceedings under this division, except as otherwise provided in this division, shall be instituted and prosecuted in the same manner as is provided by law for the foreclosure of mortgages on land, except that, if service by publication is necessary, such publication shall be made once a week for three consecutive weeks and the service shall be complete at the expiration of three weeks after the date of the first publication.
>
> Any notice given under this division shall include the name of the owner of the parcel as last set forth in the records of the county recorder, the owner's last known mailing address, the address of the subject parcel if different from that of the owner, and a complete legal description of the subject parcel. In any county that has adopted a permanent parcel number system, such notice may include the permanent parcel number in addition to a complete legal description.

It is sufficient, having been made a proper party to the foreclosure proceeding, for the certificate holder to allege in such holder's complaint that the tax certificate has been duly purchased by the certificate holder, that the certificate redemption price is due and unpaid, that there is a lien against the property described in the tax certificate, and, if applicable, that the certificate holder desires to invoke the alternative redemption period prescribed in sections 323.65 to 323.79 of the Revised Code, without setting forth in such holder's complaint any other special matter relating to the foreclosure proceeding. * * * (Emphasis added.)

{¶ 17} The Lienholders contend that the underlined language above requires that a notice of intent to foreclose include, at a minimum, the following information: the name of the owner of the parcel, the owner's last known mailing address, the address of the subject parcel, and a complete legal description of the subject parcel. We do not agree. The express language of the third paragraph of division (F) provides that this information must be included in "[a]ny notice given *under this division*." (Emphasis added.) Division (F) applies to foreclosure proceedings, not to a notice of intent to foreclose. A notice of intent to foreclose is nowhere mentioned in division (F). Indeed, a notice of intent to foreclose must be filed with the county treasurer *prior* to the commencement of any foreclosure proceedings provided for in division (F). R.C. 5721.37(C)(2). A notice of intent to foreclose is provided for in division (A)(1), which requires the notice of intent to foreclose be filed "on a form prescribed by the tax commissioner[.]" R.C. 5721.37(A)(1). It is undisputed that a private attorney for the Ankenmans filed a notice of intent to foreclose on a form prescribed by the tax

commissioner.

{¶ 18}  It is further undisputed that the Lienholders received notice of the foreclosure action filed by the Ankenmans.   The complaint for foreclosure, the documents attached to the complaint, and the notice by publication of the complaint provide all of the information referenced in the third paragraph of R.C. 5721.37(F).   In short, the Lienholders received notice of all of the information set forth in the third paragraph of R.C. 5721.37(F), and the notice of intent to foreclose was completed on the form required by R.C. 5721.37(A). Therefore, the trial court did not err in finding that the notice of intent to foreclose complied with R.C. 5721.37.

{¶ 19}  The Lienholders' first three assignments of error are overruled.

### IV. The Montgomery County Treasurer Certified That
### the Ankenmans Are the Tax Certificate Holders

{¶ 20}  The Lienholders' Fourth Assignment of Error states:

THE TRIAL COURT ERRED IN FINDING THAT THE ASSIGNMENTS/ENDORSEMENTS OF TAX CERTIFICATE TRANSFERS AND THEIR CORRESPONDING ACKNOWLEDGMENTS WERE PROPER, VALID AND ENFORCEABLE, AND IN COMPLIANCE WITH THE LAWS GOVERNING ASSIGNMENT OF INTERESTS IN REAL ESTATE.

{¶ 21}  The trial court found that the Ankenmans were the legal holders of the tax certificate on the Catalpa Property.   The Lienholders contend that this finding is in error because the Ankenmans failed to show that they had acquired the tax certificate through

proper transfers.    We disagree.

{¶ 22}   R.C. 5721.36(A)(1) governs the transfer of tax certificates and provides:

Except as otherwise provided in division (A)(2) of this section, the purchaser of a tax certificate sold as part of a block sale pursuant to section 5721.32 of the Revised Code may transfer the certificate to any person, and any other purchaser of a tax certificate pursuant to section 5721.32 or 5721.33 of the Revised Code may transfer the certificate to any person, except the owner of the certificate parcel or any corporation, partnership, or association in which such owner has an interest. The transferee of a tax certificate subsequently may transfer the certificate to any other person to whom the purchaser could have transferred the certificate. The transferor of a tax certificate shall endorse the certificate and shall swear to the endorsement before a notary public or other officer empowered to administer oaths. The transferee shall present the endorsed certificate and a notarized copy of a valid form of identification showing the transferee's taxpayer identification number to the county treasurer of the county where the certificate is registered, who shall, upon payment of a fee of twenty dollars to cover the costs associated with the transfer of a tax certificate, enter upon the register of certificate holders opposite the certificate entry the name and address of the transferee, the date of entry, and, upon presentation to the treasurer of instructions signed by the transferee, the name and address of any secured party of the transferee having an interest in the tax certificate. The treasurer shall deposit the fee in the county treasury to the credit

of the tax certificate administration fund.

Except as otherwise provided in division (A)(2) of this section, no request for foreclosure or notice of intent to foreclose, as the case may be, shall be filed by any person other than the person shown on the tax certificate register to be the certificate holder or a private attorney for that person properly authorized to act in that person's behalf.

{¶ 23}   Furthermore, R.C. 5721.37(C)(2) provides, in part:

With respect to a certificate purchased under section 5721.32, 5721.33, or 5721.42 of the Revised Code, if the certificate parcel has not been redeemed, at least one certificate respecting the certificate parcel, held by the certificate holder filing the notice of intent to foreclose and eligible to be enforced through a foreclosure proceeding, has not been voided under section 5721.381 of the Revised Code, a notice of intent to foreclose has been filed, and the payment required under division (B) of this section has been made, the county treasurer shall certify notice to that effect to the private attorney. * * *   After receipt of the treasurer's certification and not later than one hundred twenty days after the filing of the intent to foreclose or the number of days specified under the terms of a negotiated sale under section 5721.33 of the Revised Code, the private attorney shall commence a foreclosure proceeding in the name of the certificate holder in the manner provided under division (F) of this section to enforce the lien vested in the certificate holder by the certificate. The private attorney shall attach to the complaint the notice of intent to foreclose

and the county treasurer's written certification.

**{¶ 24}** According to the Lienholders, there are irregularities in the transfer documents attached as Exhibit A to the Ankenmans' complaint, which call into question whether the Ankenmans complied with the statutory requirements for properly transferring a tax certificate. At first glance, we acknowledge that Exhibit A to the Ankenmans' complaint does raise some questions about who is the current holder of the tax certificate relating to the Catalpa Property. But these questions are answered by the notice of intent to foreclose attached to the Ankenmans' complaint.

**{¶ 25}** At the bottom of the notice of intent to foreclose submitted by the Ankenmans, the Montgomery County Treasurer states the following: "I hereby certify that the above certificate parcel has not been redeemed, the amount indicated in line 4 above has been received by me, and that the tax certificate holder has filed a notice of intent to foreclose on this date: June 15, 2010." The Ankenmans were identified on the notice of intent to foreclose as the tax certificate holders. R.C. 5721.36(A)(1) makes it clear that only "the person shown on the tax certificate register to be the certificate holder or a private attorney for that person" may file a notice of intent to foreclose. Furthermore, R.C. 5721.37(C)(2) provides for certification by the county treasurer to the private attorney for the current tax certificate holder, which gives the tax certificate holder notice that foreclosure proceedings must be commenced. In short, the notice of intent to foreclose along with the certification by the county treasurer are sufficient to establish, in the absence of contrary evidence, that the Ankenmans are the current holders of the tax certificate. Therefore, the trial court did not err in finding that the Ankenmans are holders of the tax certificate relating to the Catalpa

Property.

{¶ 26}   The Lienholders' Fourth Assignment of Error is overruled.


### V. The Trial Court Did Not Err in Entering a Judgment of Foreclosure

{¶ 27}   The Lienholders' Fifth Assignment of Error states:

THE TRIAL COURT ERRED IN AWARDING A JUDGMENT AND DECREE OF FORECLOSURE IN FAVOR OF APPELLEES CONTRARY TO THE SPECIFIC PREREQUISITES SET FORTH IN ORC 5721.37 WITH RESPECT TO PERFECTING TITLE TO THEIR TAX CERTIFICATE AND WITH RESPECT TO PREPARING AND FILING A PROPER NOTICE OF INTENT TO FORECLOSE.

{¶ 28}   The Lienholders argue that the trial court erred in awarding a judgment and decree of foreclosure because the Ankenmans failed to submit a notice of intent to foreclose that complied with R.C. 5721.37(F) and because they failed to show that they legally owned the tax certificate relating to the Catalpa Property.   This assignment of error relies on the same arguments that we have rejected in the first four assignments of error.   Therefore, this assignment of error must similarly fail.

{¶ 29}   The Lienholders' Fifth Assignment of Error is overruled.


### VI. Conclusion

{¶ 30}   All of the Lienholders' assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Theresa Kahle
Larry G. Crowell
Robert Byrne
Douglas Trout
Rhea Academy, Inc.
Hon. Mary L. Wiseman